UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN CLEVELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>GROCERYWORKS.COM, LLC,<br><br>    Defendant. | Case No. 14-cv-00231-JCS<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR PRELIMINARY APPROVAL AND SETTING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 59 |

## I.   INTRODUCTION

Plaintiff Darren Cleveland moves for preliminary approval of a class action settlement in this wage and hour case against Defendant Groceryworks.com Operating Company, LLC (erroneously sued as Groceryworks.com, LLC). The Court held a hearing on November 20, 2015, and Plaintiff submitted supplemental materials on December 4, 2015. The supplemental materials resolve several of the concerns that the Court identified at the hearing, but do not adequately address all of the Court's concerns. For the reasons discussed below, Plaintiff's Motion is DENIED without prejudice to filing a renewed motion no later than January 29, 2016. A case management conference will occur at 2:00 PM on February 26, 2016 in Courtroom G of the San Francisco federal courthouse.[1]

## II.   BACKGROUND

This Order assumes the parties' familiarity with the facts and history of the case. In brief, Plaintiff brought this putative class action claiming, primarily, that Defendant unlawfully deprived its delivery truck drivers of meal and rest breaks required by California law and required them to work unpaid or underpaid hours, among other wage-and-hour claims. The parties reached a

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

settlement, and Plaintiff moved for preliminary approval on September 30, 2015. *See generally* Mot. (dkt. 59). The settlement releases class members' claims[2] in return for a $130,000 payment by Defendant, to be divided among the class based on the number of weeks each member worked after deduction of attorneys' fees, an incentive award, and costs. *See* Mot. at 2−3, 5 (citing Ilg Decl. (dkt. 59-1) Ex. 1 (Settlement) ¶¶ 15, 56−57). Plaintiff asserts that the $130,000 monetary settlement is equal to about 16% of Defendant's maximum exposure, which Plaintiff estimates to be $821,437.50. *See* Ilg Decl. ¶ 17.

At the hearing on November 20, 2015, the Court raised a number of concerns about the settlement, including the requirement that class members submit claim forms to receive a payment, the lack of evidence supporting Plaintiff's estimate of total exposure, and various issues related to the proposed class notice. At the Court's request, Plaintiff submitted supplemental materials on December 4, 2015, including: a supplemental declaration by Plaintiff's counsel Stephen Ilg (dkt. 63); a stipulated addendum to the parties' settlement agreement resolving some of the issues identified by the Court (Ilg Supp'l Decl. Ex. 3); a revised proposed notice form (*id.* Ex. 4); short declarations by five class members (*id.* Exs. 6−10); and a declaration by Plaintiff's counsel Leonard Emma (dkt. 64) that primarily addresses the decision not to include ERISA claims in the class settlement.[3]

### III.  ANALYSIS

#### A.  Legal Standard

Rule 23(e) of the Federal Rules of Civil Procedure requires judicial approval before a representative plaintiff may enter a settlement on behalf of a class. "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal," and "[i]f the proposal would bind class members, the court may approve it only after a hearing and on finding

---

[2] Except for ERISA claims, which discovery revealed to be unsuitable for class resolution because most class members did not work enough hours to qualify for ERISA benefits.

[3] Because no class has yet been certified and the dismissal of the ERISA claims without prejudice would not bind absent class members, the dismissal does not implicate Rule 23(e) of the Federal Rules of Civil Procedure. Assuming for the sake of argument that the parties' settlement agreement does not constitute a stipulation satisfying Rule 41(a)(1)(A)(ii), the Court approves the dismissal pursuant to Rule 41(a)(2).

that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1), (2).  "Due to the dangers of collusion between class counsel and the defendant, as well as the need for additional protections when the settlement is not negotiated by a court designated class representative, settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Christensen v. Hillyard, Inc.*, No. 13-CV-04389 NC, 2014 WL 3749523, at *3 (N.D. Cal. July 30, 2014) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998)).

> At the preliminary approval stage, the Court may grant preliminary approval of a settlement and direct notice to the class if the settlement: (1) appears to be the product of serious, informed, non-collusive negotiations; (2) has no obvious deficiencies; (3) does not improperly grant preferential treatment to class representatives or segments of the class; and (4) falls within the range of possible approval.

*Harris v. Vector Mktg. Corp.*, No. C-08-5198 EMC, 2011 WL 1627973, at *7 (N.D. Cal. Apr. 29, 2011).  "'It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness,' and [the Court] cannot 'delete, modify or substitute certain provisions. The settlement must stand or fall in its entirety.'" *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) (quoting *Hanlon*, 150 F.3d at 1026).

Here, as discussed below, the Court is not able to determine whether the monetary value of the settlement falls within the range of possible approval, and the proposed notice and settlement agreement contain a number of deficiencies.  The analysis below focuses only on the Court's remaining concerns and does not address in detail the issues remedied by Plaintiff's supplemental submissions.

### B.  Plaintiff Has Not Adequately Supported the Estimated Exposure

At the November 20, 2015 hearing, Plaintiff's counsel stated that the assumptions underlying Plaintiff's exposure estimate—for example, 30 minutes of unpaid work per class member per month, one missed meal break per month, and one missed rest break per month, *see* Mot. 11, 13— and were derived from interviews with class members, but counsel did not know how many class members had been interviewed.  Stephen Ilg's supplemental declaration states that he interviewed "at least eleven (11) Class Members in detail early in the case," "attempted to contact more than eighty" members in total, and "interviewed ten (10) more Class Members in

3

detail" in the week before filing the supplemental declaration.  Ilg Supp'l Decl. ¶¶ 11−12.  Ilg presents the results of five of those recent interviews, which he asserts, on average, would support higher exposure for missed break violations[4] and lower exposure for unpaid work violations[5] than Plaintiff's initial estimates.  *Id.* ¶¶ 12 & Exs. 6−10.  It is not clear how many missed breaks or unpaid hours the other sixteen class members whom Ilg interviewed experienced.  Leonard Emma's declaration states that he interviewed "at least four Class Members," and that another attorney "contacted Class Members to discuss" relevant issues, but Emma's declaration does not meaningfully address the results of those interviews and discussions.  Emma Decl. ¶¶ 9−11.

The proposed class in this case is believed to total 1,072 individuals.  Ilg Decl. ¶ 9.  The Court cannot reliably discern from the results of interviews with five class members, and vague references to discussions with at least twenty others, whether Plaintiff's estimate of the total exposure in this case is reasonable.  This is particularly true where the results of Plaintiff's counsel's second round of interviews differ from the initial exposure estimates.  Without a reliable estimate of exposure, the Court cannot say whether the settlement "falls within the range of possible approval."  *See Harris*, 2011 WL 1627973, at *7.  The Motion must therefore be DENIED.

If Plaintiff files a renewed motion for preliminary approval, it should be supported by a declaration from an expert qualified to address the sufficiency of Plaintiff's sampling of class members and to synthesize the results of counsel's interviews.  The results of five interviews and conclusory summaries of twenty more, without addressing the significance of that sample size, are

---

[4] It is not clear that this is correct.  Ilg's supplemental declaration states that the five itemized interviews yielded an average of 1.44 missed break periods per month.  Ilg Supp'l Decl. ¶ 12.  His initial estimate assumed "an average of one missed meal *and* one missed rest period per class member per month."  Ilg Decl. ¶ 13 (emphasis added).  If the initial declaration means what it says, the estimate assumed *two* missed breaks per month (one meal and one rest), and the recent interviews in fact suggest a lower exposure.  The Court also notes that the table summarizing weekly break violations is not consistent with the declarations of class members Frank Rubio and Jason Hicks.  *See* Ilg Supp'l Decl. ¶ 12 & Exs. 8, 9.

[5] The supplemental declaration erroneously states that the average number of off-the-clock hours indicated by the new interviews is 60% lower than Plaintiff's initial estimate.  Ilg Supp'l Decl. ¶ 12.  The average of the new interviews is in fact 20% lower than the initial estimate.  *Compare* Ilg Supp'l Decl. ¶ 12 (stating that the new interviews averaged 0.4 unpaid hours per month), *with* Ilg Decl. ¶ 9 (estimating 30 minutes, or 0.5 hours, of monthly unpaid work per class member).

not sufficient. Any renewed motion must also address the expected average recovery per class member if the settlement is approved.[6]

### C. Defects in the Proposed Notice

In addition to the substantive issue of whether the value of the proposed settlement is a fair resolution of class members' potential claims, the Court also declines to grant preliminary approval at this time because the proposed notice is not adequate. The proposed notice includes the following defects, some of which do not comply with this Court's Procedural Guidance for Class Action Settlements:[7]

1. The proposed notice fails to direct class members to a website, other than and in addition to the Court's PACER system, where class members can view the settlement agreement.
2. Section IV.C of the proposed notice erroneously states that class members "must also send [any] objection to all counsel." Requiring class members to notify counsel of objections directly is overly burdensome. Any objections received by the Court will be filed in the record, which provides sufficient notice to counsel.
3. Section IV.C also states that class members who do not file written objections by the deadline will waive their right to object to the settlement. That language is appropriate only if waiver is limited to written objections. Class members need not submit written objections to appear and be heard at the final approval hearing.
4. Section VI of the proposed notice instructs class members to direct questions about the settlement to class counsel, but the notice does not include contact information for class counsel.

### D. Procedural Defect in Settlement Agreement

The parties' addendum to their settlement agreement deletes some language of paragraph 43 of the agreement that would have barred class members from appearing and arguing at the final

---

[6] The Court also requests that counsel refrain from submitting as exhibits his briefs from unrelated cases, regardless of the total settlement value in such cases. *Cf.* Ilg Supp'l Decl. Ex. 2.
[7] *Available at* http://www.cand.uscourts.gov/ClassActionSettlementGuidance.

1 approval hearing if they failed to submit timely written objections. However, the following
2 language remains after that amendment:

> A Class Member who does not file and serve a written objection in the manner and by the deadline specified above will be deemed to have waived any objections and *will be foreclosed from making any objections* (whether *at the Final Approval Hearing*, by appeal, or otherwise) to the Settlement.

6 Settlement Agreement ¶ 43 (emphasis added). The settlement agreement should not make class
7 members' right to raise objections at the final approval hearing contingent on filing written
8 objections.

## IV.   CONCLUSION

For the reasons stated above, the Court is not able to determine that the "the settlement taken as a whole" meets the requisite standard of "overall fairness." *Dennis*, 687 F.3d at 868. The Motion for Preliminary Approval is therefore DENIED without prejudice. Plaintiff may file a renewed motion for preliminary approval no later than January 29, 2016. The renewed motion must address and resolve the issues discussed above, must include a declaration by a qualified expert, and may incorporate Plaintiff's previous submissions by reference. A case management conference will occur at 2:00 PM on February 26, 2016 in Courtroom G of the San Francisco federal courthouse.

**IT IS SO ORDERED.**

Dated: December 15, 2015

JOSEPH C. SPERO
Chief Magistrate Judge